IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

STACY CURRY,

    Petitioner,

v.                                    No. 1:25-cv-01186-JDB-jay

DEMETRIC GODFREY, WARDEN,

    Respondent.

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On July 31, 2025, the Petitioner, Stacy Curry, Tennessee Department of Correction ("TDOC") prisoner number 322211, who is currently confined at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Docket Entry ("D.E.") 2.[1]) Pending on the Court's docket is the motion of the Respondent, Warden Demetric Godfrey, to dismiss the Petition. (D.E. 14.)

I.     STATE COURT PROCEDURAL HISTORY

On June 19, 2017, in the Madison County, Tennessee, Circuit Court, Curry entered a plea of guilty to one count of aggravated sexual battery. He was sentenced to an agreed-upon twenty-

---

[1]Record citations refer to the instant case unless otherwise noted.

year term of imprisonment. Judgment was entered on August 9, 2017. On September 19, 2017, the inmate filed a pro se motion to withdraw his guilty plea, claiming ineffective assistance of counsel. The trial court appointed an attorney to represent him and directed that any amended motion be filed within thirty days. The following day, the State filed its response to the motion, arguing that it was untimely filed and that it should be treated as a petition for post-conviction relief. At a hearing held on November 21, 2017, the court allowed Petitioner to amend his motion and file a petition for post-conviction relief by March 9, 2018.

The court conducted another hearing on June 4, 2018, at which it articulated its understanding that Curry wanted to withdraw his petition for post-conviction relief. Petitioner confirmed that he did wish to do so and, when asked by the court if he understood he would not be able to refile it at a later date, the inmate responded in the affirmative. That same day, the court entered an order dismissing the petition with prejudice. On October 22, 2018, Curry filed a pro se motion for correction and reduction of his sentence, which was dismissed as untimely.

The record contains a notice of appeal filed by Petitioner on November 19, 2018. However, Curry did not identify therein the order from which he sought appeal. On September 19, 2019, after Petitioner failed to file a brief, the Tennessee Court of Criminal Appeals ("TCCA") dismissed the appeal.

On May 31, 2019, the prisoner filed a pro se state petition for post-conviction relief. The presiding court appointed counsel and ordered the filing of any amended petition within thirty days. On July 11, 2019, the State moved to dismiss the petition on the grounds that it was time-barred and because Petitioner had filed a previous petition that was withdrawn with prejudice. The court granted the motion to dismiss on January 9, 2020.

2

On April 16, 2020, the TCCA remanded the matter to the post-conviction court to determine whether Petitioner's counsel "should be withdrawn from further representation . . . due to a conflict of interest." (D.E. 13-6 at PageID 244.) The record does not reflect the outcome of that remand, but it appears that new counsel was appointed to represent Petitioner in his appellate post-conviction proceedings. However, the inmate states in an exhibit to the Petition that, on November 10, 2020, the judge in Madison County recognized that Attorney Alex Camp had a conflict of interest and appointed new counsel.

On appeal, Curry challenged the post-conviction court's decision to grant the State's motion to dismiss his petition. On November 15, 2021, the TCCA affirmed the dismissal, noting that any challenge was waived because "the record [was] inadequate to allow review of the basis of the post-conviction court's dismissal." *State v. Curry*, No. W2020-00183-CCA-R3-PC, 2021 WL 5289750, at *1 (Tenn. Crim. App. Nov. 15, 2021); (D.E. 13-10). The Tennessee Supreme Court denied Curry's application for permission to appeal on June 9, 2022.

## II.  FEDERAL HABEAS CORPUS PROCEEDINGS

On June 20, 2023, the inmate filed his first § 2254 petition in this Court. (*See Curry v. Adams*, No. 1:23-cv-01122-JDB-jay (W.D. Tenn.), D.E. 1.) On November 4, 2024, the Court directed Curry to amend his petition within twenty-eight days. (*See id.*, D.E. 9.) The Court received the amended petition on December 6, 2024. (*See id.*, D.E. 10.) On January 2, 2025, it dismissed that action without prejudice upon Curry's failure to "file his amended petition within the prescribed time-period[] or seek an extension of time to do so." *See Curry v. Adams*, No. 1:23-cv-01122-JDB-jay, 2025 WL 20444, at *1 (W.D. Tenn. Jan. 2, 2025).

On July 29, 2025, Curry signed the Petition and placed it in the HCCF mail system. (D.E. 2.) It was received by the Clerk on July 31, 2025. On October 14, 2025, the Court directed

3

Respondent to file the relevant portions of the state-court record, along with a limited response addressing the timeliness of the Petition. (D.E. 8.) The warden complied and moved to dismiss the Petition in December 2025. (D.E. 13, 14.) Petitioner has not filed a response, and the time for doing so has expired.

III.   ANALYSIS

Respondent argues that (1) the Petition is untimely, (2) Petitioner is not entitled to equitable tolling, and (3) the claims raised are procedurally defaulted and barred from review.

The Petition Is Untimely.

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254. Title 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

28 U.S.C. § 2244(d).

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, the judgment entered by the trial court after Petitioner's guilty plea and sentencing is dated August 9, 2017. Respondent notes, however, that "various documents in the state court record indicate that the judgment was filed on August 11, 2017." (D.E. 14-1 at PageID 295.) For example, in its November 15, 2021, opinion, the TCCA stated that, "The judgment form in the record does not contain a file-stamp date, but the date of entry is listed as August 9, 2017, and the record contains an order in which the post-conviction court found that the judgment was filed on August 11, 2017." *State v. Curry*, 2021 WL 5289750, at *1. The Court, therefore, will use August 11, 2017, as the date on which the trial court entered judgment.

By pleading guilty, Curry waived his right to file a direct appeal in the TCCA. *See State v. McKissack*, 917 S.W.2d 714, 715-16 (Tenn. Crim. App. 1995); Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b). Because Petitioner did not appeal his conviction, it became final at the expiration of the time for taking a direct appeal—Monday, September 11, 2017.[2] *See Jimenez v. Quarterman*, 555 U.S. 113, 118-19 (2009); Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence."). The one-year statute of limitations

---

[2]Thirty days from August 11, 2017, fell on Sunday, September 10, 2017. However, when a period of time is calculated in days and the last day falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *See* Fed. R. Civ. P. 6(a)(1)(C).

began to run the following day—Tuesday, September 12, 2017, and, absent any applicable statutory tolling, expired on Wednesday, September 12, 2018.

Respondent submits that the one-year limitations period was tolled while Petitioner's motion to withdraw his guilty plea was pending because the motion was treated by the state courts as a timely-filed petition for post-conviction relief.  Thus, the limitations period stopped running on September 19, 2017, seven days after it commenced, when Petitioner filed his motion to withdraw his guilty plea, and remained tolled until June 4, 2018, when the court dismissed his motion/petition for post-conviction relief with prejudice.

Godfrey contends, however, that Curry is "not entitled to statutory tolling during the periods he attempted to obtain other collateral relief." (D.E. 14-1 at PageID 296.)  Specifically, he insists that "[n]either Petitioner's motion for reduction of sentence nor the second petition for post-conviction relief tolled the statute of limitations under § 2244(d)(2) because both were not 'properly filed.'" (*Id.*)  The Court considers whether each tolled the one-year limitations period below.

State law provides that "[t]he trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." *See* Tenn. R. Crim. P. 35(a).  Thus, "[a] properly filed motion to reduce one's sentence tolls the period of limitations." *See Vantrease v. Taylor*, No. 3:14-00728, 2017 WL 429458, at *9 (M.D. Tenn. Jan. 31, 2017) (citing *Wall v. Kholi*, 562 U.S. 545 (2011)), *report and recommendation adopted*, 2017 WL 1174035 (M.D. Tenn. Mar. 29, 2017).  Petitioner filed his motion for reduction of his sentence on October 22, 2018, and the trial court dismissed it as untimely on November 27, 2018.  Because the trial court expressly dismissed the motion for sentence reduction as untimely, Curry is not entitled to statutory tolling for the period during which this motion was pending before the trial court.

6

The limitations period under the Antiterrorism and Effective Death Penalty Act (the "AEDPA") commenced again on June 5, 2018, the day after the initial post-conviction petition was dismissed and continued to run while Petitioner's motion to reduce his sentence was pending in the trial court. This Court, however, must consider whether he is entitled to statutory tolling for the time during which his second state post-conviction petition was pending before the state courts. Respondent argues that this petition was "dismissed following a hearing on the State's motion to dismiss" and that it was dismissed on "procedural[] grounds." (D.E. 14-1 at PageID 296-97.) He further maintains that "[s]tatutory tolling would also be inappropriate as to the second petition for post-conviction relief because Petitioner did not present any of the issues contained in the instant petition before the [TCCA]." (*Id.* at PageID 296.)

Curry filed his second post-conviction petition on May 31, 2019. Tennessee's state prison mailbox rule provides in relevant part:

> If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se petitioner is incarcerated. This provision shall also apply to service of papers by pro se petitioners pursuant to these rules. Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision.

Tenn. Sup. Ct. R. 28, § 2(G). Here, however, Curry failed to complete the certificate of service indicating the date on which he gave his post-conviction petition to staff at HCCF for mailing to the post-conviction court. This Court, therefore, deems that post-conviction petition to have been filed on May 31, 2019.

With 358 days remaining, the limitations period expired on Wednesday, May 29, 2019, two days before the post-conviction court received Curry's second post-conviction petition. Even

7

if this Court assumes that the second petition was properly filed,[3] it cannot serve to toll the limitations period because it was filed after the period expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

With regard to the filing of a federal habeas petition, under the prison-mailbox rule, a petition is deemed filed on the date the prisoner provides the document to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Curry signed the Petition and declared under penalty of perjury that it was placed in the prison mailing system on July 29, 2025. Accordingly, the Court deems the Petition to have been filed as of July 29, 2025—more than six years after the one-year limitations period expired on May 29, 2019.[4] The Petition is, therefore, untimely under § 2244(d)(1) and must be dismissed unless the inmate demonstrates he is entitled to equitable tolling or makes a credible claim of actual innocence.

---

[3]The Court disagrees with Respondent's position that the record clearly reflects the second post-conviction petition was not properly filed. On Curry's post-conviction appeal, the TCCA stated that "the record on appeal simply does not permit us to review the post-conviction court's dismissal." *See State v. Curry*, 2021 WL 5289750, at *4. The court noted that the "basis of the post-conviction court's dismissal is not apparent" because the record did not contain a transcript of the hearing conducted by the post-conviction court on January 6, 2020. *Id.* at **4-5. The record before this Court also fails to contain that hearing transcript.

Godfrey further suggests that tolling would not be appropriate because "Petitioner did not present any of the issues contained in the instant petition before the [TCCA]." (D.E. 14-1 at 296.) The warden cites to *Beach v. Mohr*, 27 F. App'x 266 (6th Cir. 2001), in which the Sixth Circuit Court of Appeals found that "[a] state post-conviction complaint which does not assert claims in the federal habeas corpus petition does not toll the statute of limitations." *Beach*, 27 F. App'x at 267-68 (citing *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999)). However, in 2004, the Sixth Circuit overruled *Austin*. *See Cowherd v. Million*, 380 F.3d 909, 914 (6th Cir. 2004). Respondent's reliance on *Beach* is misplaced.

[4]Even if Petitioner had filed his first § 2254 petition before the limitations period expired, it would not have tolled that period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").

8

A.      Equitable Tolling.

The prisoner appears to suggest that equitable tolling should apply to the Petition because he experienced lockdowns at HCCF. He also mentions that the librarian supervisor at HCCF "was allowed by A/W Ponds to delete all court and patrons['] documents from computer hard-drives." (D.E. 2-1 at PageID 28.) He avers that he "did not have access to [the] HCCF library to research, did not have access to prepare [documents,] nor did he have access to any legal aid[] services." (*Id.* at PageID 29.)

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (citation and internal quotation marks omitted), *abrogated on other grounds, Johnson v. United States,* 457 F. App'x 462 (6th Cir. 2012). The § 2254 limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, the doctrine is used sparingly by the federal courts. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman,* 346 F.3d at 604 (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Curry fails to meet his burden of demonstrating an entitlement to equitable tolling. With respect to his allegation concerning his inability to access legal aid services, "because [Petitioner] has no constitutional right to counsel in the habeas context, [any] inability to . . . obtain legal assistance does not warrant tolling." *See Galloway v. Horton*, No. 18-2248, 2019 WL 1953305,

9

at *2 (6th Cir. Jan. 25, 2019) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)).  Indeed, Petitioner fails to set forth facts suggesting he even tried to obtain legal aid at HCCF.

The prisoner also fails to explain how limited access to the law library, lockdowns, and alleged deletion of documents from the law library computers directly impacted him and prevented him from meeting the statute of limitations.  He sets forth no facts regarding when, if at any point in the more than seven years between the dismissal of his motion to reduce his sentence and the filing of his federal habeas petition, he requested to use the law library and was unable to because of lockdowns.  Likewise, he presents no facts about the dates documents, or specific documents relevant to the filing of his federal habeas petition, were allegedly deleted from the computers.  In any event, "most courts have concluded that prison lockdowns and the resulting denial of access to legal materials do not amount to extraordinary circumstances supporting equitable tolling." *Banzant v. United States*, No. 13-2795-STA-dkv, 2016 WL 3582210, at *4 (W.D. Tenn. June 28, 2016).

In sum, Petitioner has not shown that extraordinary circumstances prohibited him from filing the Petition in a timely manner.  This is particularly so given that the claims raised in the Petition are the same claims he raised in his motion to withdraw his guilty plea and post-conviction proceedings.  Likewise, the fact that Curry is untrained in the law or may have been unaware of the statute of limitations does not warrant tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling).

Petitioner has not shown that he diligently pursued his rights.  His first § 2254 petition, filed in 2023, was untimely.  Moreover, the amended § 2254 petition he attempted to file in his first federal habeas petition raised the same claims for relief that he now raises.  *Compare Curry v. Adam*, No. 1:23-cv-01122-JDB-jay (W.D. Tenn.), D.E. 10, *with Curry v. Godfrey*, No. 1:25-cv-

01186-JDB-jay (W.D. Tenn.), D.E. 2.) The Court dismissed Petitioner's prior habeas corpus proceeding without prejudice on January 2, 2025. He waited more than six months to file the Petition. Given that Curry had already prepared a § 2254 petition in 2024, he fails to explain why he could not have filed the Petition earlier. More tellingly, he fails to elucidate why he could not file a federal habeas corpus petition prior to 2023. Considering the foregoing, the Court concludes that Petitioner is not entitled to equitable tolling of the limitations period.

    B.    <u>Actual Innocence.</u>

A credible claim of actual innocence may overcome AEDPA's limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The evidence of innocence should be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401. The actual innocence exception applies to "cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 395 (cleaned up). He must "support his allegations of constitutional error with new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial." *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018).

Curry pleaded guilty and does not argue actual innocence. Because he has failed to present the type of new reliable evidence to support a showing of actual innocence and excuse the untimely filing of his federal habeas petition, the actual innocence exception does not apply.

Accordingly, because the Petition is untimely, and because Petitioner does not demonstrate entitlement to equitable tolling or that the actual innocence exception applies, Respondent's

motion to dismiss is GRANTED and the Petition is DISMISSED WITH PREJUDICE as time-barred.[5]

IV. APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005) (per curiam). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Habeas Rule 11. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

---

[5]Because the Court has concluded that the Petition is time-barred, it need not consider Respondent's alternate argument that Petitioner's claims are procedurally defaulted and barred from review.

12

Here, because jurists of reason would not debate that the Petition is time-barred, the Court DENIES a COA.

For the reasons the Court denies a COA, it also determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal in forma pauperis is DENIED.[6]

IT IS SO ORDERED this 26th day of January 2026.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE

---

[6]If Petitioner files a notice of appeal, he must pay the full $605.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within thirty days of the entry date of this order. *See* Fed. R. App. P. 24(a)(5).