IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

STACY CURRY,

     Petitioner,

v.                                     No. 1:25-cv-01186-JDB-jay

DEMETRIC GODFREY, Warden,

     Respondent.

ORDER DENYING PETITIONER'S PRO SE MOTION FOR CERTIFICATE OF
APPEALABILITY

On July 31, 2025, the Petitioner, Stacy Curry, who is currently confined at the Hardeman

County Correctional Facility in Whiteville, Tennessee, under Tennessee Department of Correction

prisoner number 322211, filed a petition for a writ of habeas corpus by a person in state custody

under 28 U.S.C. § 2254 (the "Petition"). (Docket Entry ("D.E.") 2.) On December 8, 2025, the

Respondent, Demetric Godfrey, filed a motion to dismiss the Petition (D.E. 14), to which Curry

did not respond. On January 26, 2026, the Court granted the motion, dismissed the Petition as

time-barred, and denied a certificate of appealability ("COA"). (D.E. 15.) The Court entered

judgment the same day. (D.E. 16.)

Pending on the Court's docket is Petitioner's May 4, 2026, pro se motion for a COA. (D.E.

17.) A COA may issue only if the petitioner has made a substantial showing of the denial of a

constitutional right, and the COA must indicate the specific issue or issues that satisfy the required

showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the petitioner

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (per curiam) (quoting *Miller-El*, 537 U.S. at 337).

In its January 2026 order, the Court denied a COA because jurists of reason would not debate that the Petition was time-barred. In the instant motion, Curry states in conclusory fashion that a COA should issue because he "has viable issues for which relief could be granted." (D.E. 17 at PageID 318.) However, he fails to articulate what those reasons might be. Accordingly, the motion is DENIED.

IT IS SO ORDERED this 12th day of May 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2